**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Charles Gagnon, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-9526 |
| | ) |
| JPMorgan Chase Bank, N.A., Seterus, Inc., | ) Judge Marvin E. Aspen |
| Pierce & Associates, P.C., Equifax | ) Magistrate Judge Sidney Schenkier |
| Information Services, and Experian | ) |
| Information Solutions, Inc. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS COUNT III
OF PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Pursuant to Fed. R. Civ. P. 12(6)(b), defendant JPMorgan Chase Bank, N.A. ("Chase"),

by and through its attorneys, hereby moves to dismiss Count III of Plaintiff Charles Gagnon's

Complaint with prejudice.  In support of this motion, Chase states as follows:

1.      On October 26, 2015, Plaintiff filed his Complaint in this case, naming Chase as a

defendant.  (Dkt. No. 1.)  Chase was served with a summons and a copy of the Complaint on

December 11, 2015.  On January 8, 2016, the Court extended Chase's deadline to respond to the

Complaint until January 25, 2016.  (Dkt. No. 35.)

2.      Plaintiff brings his Complaint against five defendants, and he purports to bring

five causes of action in his Complaint relating to alleged inaccurate credit reporting regarding

Plaintiff's mortgage loan and alleged debt collection activities after Plaintiff's mortgage loan was

discharged in bankruptcy in 2014.

3.      Plaintiff alleges that in May 2011, he executed a mortgage and in favor of Chase

secured by the property located at 15126 Pinewood Road, Lockport, Illinois 60441 (the "Loan").

(Compl. ¶¶ 4, 17.)  On July 31, 2013, Plaintiff filed a Chapter 13 bankruptcy petition in the

United States Bankruptcy Court for the Northern District of Illinois, Case no. 13-48984 (the "Bankruptcy"). (*Id.* ¶ 18.) On August 4, 2014, an Order of Discharge was entered in Plaintiff's Bankruptcy case, and on September 17, 2014, Plaintiff's Bankruptcy case closed. (*Id.* ¶¶ 29, 34; Ex. H to Compl.)

4.      Plaintiff alleges that at some unknown date after his Bankruptcy discharge, he pulled his credit report with co-defendant Equifax, co-defendant Experian, and nonparty credit reporting agency TransUnion, and he alleges that all three credit reporting agencies "were inaccurately reporting the status of the [Loan]." (Compl. ¶¶ 40-41.) He further alleges that, on July 15, 2015, he was denied a loan from BMO Harris Bank. (*Id.* ¶ 42.) The denial letter from BMO Harris Bank states that Plaintiff's application was denied based on a credit report obtained from TransUnion, but the letter does not indicate that BMO Harris relied in any way on credit reports obtained from any other credit reporting agency. (Ex. N to Compl.)

5.      Plaintiff does not name TransUnion as a defendant because Plaintiff alleges he disputed the alleged negative credit reporting with TransUnion and "received an investigation report from TransUnion which indicated that the Seterus trade line had been deleted." (Compl. ¶ 42 n. 1; Ex. O to Compl.) Plaintiff alleges that he also disputed his credit report with Equifax and Experian by sending letters to both entities in August 2015, requesting that his credit report be updated to reflect that the Chase Loan and other accounts were discharged and has a zero balance. (Compl. ¶¶ 43-45, 53-55; Exs. P, R to Compl.) Plaintiff alleges that, "[u]pon information and belief," both Equifax and Experian sent Chase notice of Gagnon's dispute within five days of receiving the dispute. (Compl. ¶¶ 46, 56.)

6.      On August 23, 2015, Equifax responded to Plaintiff's dispute letter stating that it had updated the trade line for the Chase Loan to reflect that it was in bankruptcy. (*Id.* ¶¶ 47-48;

Ex. Q to Compl. ("Equifax Report").)  The Equifax Report shows that, after the dispute, the "Balance Amount" for the Chase Loan (identified as account number 465197447* on the Equifax Report) was $0, there is no amount listed under "Amount Past Due" or "Actual Payment Amount," the "Scheduled Payment Amount" is listed as $1,465, and below the entry for the Chase Loan is the following language: "ADDITIONAL INFORMATION – Bankruptcy Chapter 13."  (Equifax Report at 6.)  The "Scheduled Payment Amount" is defined as "The Requested Amount of Last Payment," and the last payment is listed as being made in June 2013.  (*Id*. at 4, 6.)  Plaintiff alleges that the Equifax report is inaccurate because the "Scheduled Payment Amount" is listed as $1,465, which Plaintiff alleges "falsely implied that Gagnon was still liable for the subject loan."  (Compl. ¶ 49, 51.)

7.    On August 17, 2015, Experian responded to Plaintiff's dispute letter stating that it had updated the trade line for the Chase Loan to reflect that it was in bankruptcy.  (*Id*. ¶¶ 57-58; Ex. S to Compl. ("Experian Report").)  The Experian Report shows that, after the dispute, the "Monthly payment" for the Chase Loan (identified as account number 465197447.... on the Experian Report) was "Not reported," the "High balance" was "not reported," the "Recent balance" says "$0 / paid as of Aug 2014," the payments listed (from October 2011 through July 2013) are reported as "OK," the "Status" states that it was "Discharged through Chapter 13/Never late.  This account is scheduled to continue to record until Aug 2021.  This item was updated from our processing of your dispute in Aug 2015," and the "Account History" states, "Debt included in Chapter 13 Bankruptcy on Aug 04, 2014."  (Experian Report at 5.)  Plaintiff alleges that "the trade line for the Chase trade lien was still reporting as a 'Scheduled Payment Amount of $1,465 per month," and this "falsely implies that Gagnon is delinquent and still liable for the subject loan."  (Compl. ¶¶ 59, 61.)  However, contrary to Plaintiff's allegations, the

3

Experian Report nowhere states that the "Scheduled Payment Amount" is $1,465 per month. (*See* Experian Report at 5.) In fact, it does not contain any scheduled payment amount information. (*See id.*)

8.  Plaintiff purports to bring one claim against Chase. Count III is a purported FCRA claim brought against Chase pursuant to 15 U.S.C. §§ 1681s-2 and 1681i for: (1) failure conduct an investigation with respect to the disputed information; (2) failure to review all relevant information provided by Plaintiff, Equifax, and Experian; (3) failure to modify, delete, or permanently block the "inaccurate information" on Plaintiff's credit report; (4) failure to report the results of any reasonable investigation of the dispute; (5) failure to report the results of its investigation to Equifax or Experian after "being put on notice and discovering inaccurate reporting" with respect to the Loan; and (6) failure to conduct a reasonable reinvestigation of its reporting on the Loan, record that the information was disputed, or delete the "inaccurate reporting" from the credit file. (*Id.* ¶¶ 92-99.)

9.  The Court should dismiss Count III with prejudice for several reasons.

10. First, Plaintiff has not stated a plausible FCRA claim against Chase because he has not alleged any facts leading to the reasonable inference that Chase failed to investigate or correct the purportedly "inaccurate" information regarding the Chase loan. Plaintiff complains that Chase violated the FCRA because the Equifax and Experian reports still showed Plaintiff's last scheduled payment amount for the loan. However, the facts alleged and the Equifax and Experian reports attached to the Complaint demonstrate that ***Chase reported accurate information*** about the loan that was permissible under the FCRA, which allows historical information about a discharged account to be reported for seven years so long as the account is reported as discharged and with a $0 balance. Consequently, there is no basis to plausibly

conclude that Chase failed to investigate or correct any inaccurate information, since the reports show accurate information reported pursuant to FCRA's requirements.

11.    Second, because Plaintiff has not pled facts plausibly demonstrating that Chase violated FCRA, he also cannot plausibly allege that he was damaged as a result of any action by Chase, and the allegations and exhibits attached to the Complaint show that Plaintiff's only alleged actual damage occurred *before* the alleged FCRA violation by Chase.

12.    Chase's grounds for dismissal are further set forth and supported in its Memorandum in Support of its Motion to Dismiss Count III of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), filed contemporaneously herewith.

WHEREFORE, defendant JPMorgan Chase Bank, N.A. respectfully requests that this Court enter an order dismissing Count III of Plaintiff's Complaint with prejudice, and granting such further and additional relief as this Court deems just and appropriate.

Date:    January 25, 2016                              Respectfully submitted,

**JPMORGAN CHASE BANK, N.A.**

By:  ___/s/ Andrew D. LeMar_____
         One of its attorneys

Andrew D. LeMar (alemar@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611-3607
Telephone:    (312) 840-7000
Facsimile:    (312) 840-7900

## CERTIFICATE OF SERVICE

On January 25, 2016, the undersigned caused the foregoing Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss Count III of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) to be filed electronically with the Northern District of Illinois, and served upon all parties registered to receive notice via the Court's CM/ECF system.

/s/ William Daitsman
William Daitsman

2128942.1