## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CHARLES GAGNON

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
SETERUS, INC., PIERCE & ASSOCIATES,
P.C., EQUIFAX INFORMATION
SERVICES, LLC. and EXPERIAN
INFORMATION SOLUTIONS, INC.

Defendants.

Case No. 1:15-cv-09526

Honorable Robert M. Dow, Jr.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

NOW COMES the Plaintiff, CHARLES GAGNON ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., and in response to Defendant JPMORGAN CHASE BANK, N.A.'s ("Chase" or "Defendant") Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), stating as follows:

BACKGROUND

Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois on July 31, 2013. (Am. Cmplt. ¶ 18.) Under his Chapter 13 Plan, Plaintiff surrendered property securing a debt owed to JPMorgan Chase Bank, N.A. ("Chase"), "in full satisfaction" of the debt. *Id.* at ¶ 22. Plaintiff's Chapter 13 plan was confirmed on October 11, 2013 *Id.* at ¶ 24. In addition to receiving all bankruptcy notices sent by the BNC by virtue of being listed as a creditor, Chase actively participated in Plaintiff's bankruptcy case. *Id.* at ¶ 25. On July 16, 2014 Chase attempted to collect the subject debt from Plaintiff. (Id. ¶ 28.)

1

Plaintiff obtained an Order of Discharge on August 4, 2014. *Id.* at ¶ 30. Among the debts discharged was the debt owed to Chase. *Id.* Defendant Seterus, Inc. began servicing the Chase mortgage on September 1, 2014, after Plaintiff's bankruptcy. (Id. ¶ 34.) Plaintiff's bankruptcy case closed on September 17, 2014. *Id.* at ¶ 36. Plaintiff's personal liability on the subject debt was extinguished by his bankruptcy discharge, thus terminating the business relationship with Chase and its successors in interest. (Id. ¶ 37.)

After his bankruptcy discharge, Plaintiff discovered the subject debt was reporting inaccurately with the major credit reporting agencies. Plaintiff disputed the information by written letters to the credit reporting agencies dated August 4, 2015. Id. ¶¶ 46, 56. Plaintiff received Experian's reinvestigation report, dated August 17, 2015, which continued to list the inaccurate account history for the subject debt. Id. ¶¶ 60 - 65. Plaintiff received Equifax's reinvestigation report, dated August 23, 2015, which continued to list the inaccurate scheduled payment for the subject debt. Id. ¶¶ 50 - 55. Based on the investigation responses, Plaintiff discovered that Chase and Seterus had accessed Plaintiff's consumer credit file after his bankruptcy discharge and without any permissible purpose. Id. ¶¶ 66 - 68.

STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In general, when a plaintiff brings a claim in federal court, he need only provide enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and through his allegations show that it is plausible, rather than merely speculative, that he is entitled to relief. *Lang v. TCF Nat'l Bank,* 249 Fed. Appx. 464, 466 (7th

2

Cir. 2007). In ruling on a pending motion to dismiss, the court must construe the allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997).

ARGUMENT

**I.      Plaintiff's 15 U.S.C. §1681b(f) Claim is Properly Pled**

**A.      Plaintiff's Relationship with Chase Ended Upon Discharge**

"Under the FCRA, an entity has a permissible purpose for accessing a credit report if it: intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer … or otherwise has a legitimate business need for the information to review an account to determine if the consumer continues to meet the terms of the account." *Saumweber v. Green Tree Servicing, LLC,* 2015 U.S. Dist. LEXIS 65175, at *8 (D. Minn. 2015).

Chase argues that it did not unlawfully access Plaintiff's credit report because the discharge does not terminate the relationship between Chase and Plaintiff. Chase's argument is misguided. In *Godby v. Wells Fargo Bank, N.A.,* 599 F.Supp.2d 934, 942 (S.D. Oh. 2008), the court held that the defendant did not have a "legitimate business need" for a consumer's credit information after the consumer's bankruptcy discharge and the "account review" could not be in "connection with a transaction initiated by the consumer" because the only transaction between the parties initiated by the consumer was the mortgage loan which had been discharged in the

3

bankruptcy proceeding; thus terminating any existing relationship between the parties. *Id.* Here, as in *Godby,* Chase obtained Plaintiff's consumer report *after* the subject loan was discharged.

Moreover, in *Barton v. Ocwen Loan Servicing LLC,* 2012 U.S. Dist. LEXIS 137536 (D. Minn. 2012), the court held that the plaintiff properly pled a §1681b(f) claim by simply alleging that the mortgagee obtained her credit report after her bankruptcy discharge without a permissible purpose. *Id.* at *7-8. Here, like the plaintiff in *Barton,* Plaintiff has alleged that Chase did not have a permissible purpose to obtain his credit report after his discharge. As such, he has properly pled a claim under §1681b(f).

Chase cites to *Germain v. Bank of America, N.A.,* 2014 WL 5802018 (W.D. Wis. 2014) to advance its position that its access of Plaintiff's credit report was lawful. Ironically, *Germain* supports Plaintiff's position. In *Germain,* the court denied a mortgagee's motion to dismiss a borrower's 1681b(f) claim and held that the record was insufficient to establish why the mortgagee pulled the borrower's report. Here, Chase does not state why it pulled Plaintiff's credit report after his discharge, presumably because it has no legal or permissible purpose to do so. As such, Chase's reliance on *Germain* must fail.

Chase also cites to *Saumweber v. Green Tree Servicing, LLC,* 2015 U.S. Dist. LEXIS 65175 (D. Minn. 2015) to support its position that a discharge does not terminate a business relationship between a borrower and mortgagee. In *Saumweber,* the court held that the mortgagee has an ongoing business relationship with a borrower after a Chapter 7 discharge. However, the *Saumweber* court reached that conclusion only because the borrower in that case did not surrender the subject property in his Chapter 7 and continued making payments to the mortgagee. *Id.* at *11-12. The *Saumweber* court concluded that the mortgagee had a permissible purpose under the FCRA to obtain the borrower's credit report for purpose of evaluating the

4

borrower's eligibility for a loan modification. Unlike the borrower in *Saumweber,* the Plaintiff boldly surrendered his interest in the subject property in his bankruptcy, never made a payment to Chase after his discharge, and never expressed any interest in a loan modification to Chase. As a result, *Saumweber* is distinguishable and Chase's reliance on it misses the mark by a wide margin.

    **B.    Plaintiff Has Properly Pled Damages as a Result of Chase's Impermissible Pull**

Chase argues that Plaintiff's §1681b(f) claim fails because the Plaintiff did not suffer any damages as a result of Chase's impermissible pull of his credit report after his discharge. As a preliminary matter, Plaintiff's damages turns to a factual argument that is inappropriate for a Rule 12(b)(6) motion to dismiss. The Plaintiff has pled damages and the court must construe the allegation of damages in light most favorable to the Plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the Plaintiff. *See Fednav Int'l Ltd.,* 624 F.3d at 837 (7th Cir. 2010). In addition to alleging Chase had no permissible purpose to access his credit file, Plaintiff's complaint expressly alleges that Chase's conduct was an invasion of his privacy (Am. Cmplt. ¶111.)

Nonetheless, Chase cites to *Novak v. Experian Info. Sols., Inc.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011) for the proposition that a plaintiff must allege actual damages. However, *Novak* explained that the FCRA allows for actual or statutory damages, punitive damages, costs, and attorney's fees in the case of a willful violation. *Id.* at 625. The Plaintiff in Novak alleged a negligent violation that required actual damages under § 1681o(a), but not a willful violation under § 1681n. A consumer need not suffer actual damages as a result of an impermissible credit pull. *See* 15 U.S.C. §1681n. Specifically, §1681n states in pertinent part, "in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a

permissible purpose, [consumer may recover] actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater." *Id.* As a result, Plaintiff need not suffer any actual damages to state a claim under §1681b(f).

Here, Plaintiff has alleged "Chase willfully and maliciously invaded Plaintiff's privacy by illegally accessing his credit file." (Am. Cmplt. ¶ 111.) Thus Plaintiff has adequately plead that Chase willfully violated § 1681b(f) when they accessed his credit report without any permissible purpose under the FCRA. *See Souvigny v. Wells Fargo et al,* No. 15 C 07465 (N.D. Ill. April. 15, 2016)[1]

## II.    Violations of the Bankruptcy Automatic Stay and Discharge Injunction are Properly Pled

Although Chase had actual notice of Plaintiff's bankruptcy, it continued to attempt to collect the subject debt from Plaintiff personally. It is of no consequence that Chase attempted to collect after the Automatic Stay was lifted to allow it to proceed with foreclosure of the surrendered property - Chase is not permitted to collect from Plaintiff personally, which is exactly what is sought to do by sending the July 16, 2014 delinquency notice to Plaintiff. Moreover, Chase's continued refusal to update its credit reporting to accurately reflect Plaintiff's bankruptcy discharge amounts to an act to collect the subject debt in violation of the Bankruptcy Discharge Injunction. To follow Chase's logic that it may continue to report scheduled payments as they *used to be*, even after discharge, would undermine the purpose of bankruptcy in offering debtors a fresh start. *See In re Torres,* 367 B.R. 478, 486 (Bankr. S.D.N.Y 2007) (citing *In re Norman,* 2006 Bankr. LEXIS 2576, at *4 (Bankr. M.D. Ala. 2006) (inaccurate reporting "diminish[es] the value of a discharge in bankruptcy").

---

[1] *Souvigny v. Wells Fargo et al* is attached hereto as Exhibit A, a true and correct copy of Judge Chang's order in *Souvigny.*

Chase argues that Plaintiff's Automatic Stay and Discharge Injunction violation claims fail because they should be brought in bankruptcy court. Chase is mistaken. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1334, which states in pertinent part: "[t]he district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. §1334. However, "each district court *may* provide any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district. 28 U.S.C. 157(a). (emphasis added).

Plaintiff concedes that this district is one that refers bankruptcy matters to bankruptcy judges for our district. *See* U.S. Dist. Ct., N.D. Ill. Gen. R. 2.33(A) (referring all cases under title 11 to the Bankruptcy Court for the Northern District of Illinois pursuant to 28 U.S.C. §157(a)). However, that does not strip this Court of jurisdiction. In *Martin-Trigona v. Champion Sav. & Loan Assoc.,* 892 F.2d 575, 577 (7th Cir. 1989), the Court found that the district court has jurisdiction to adjudicate a suit to enforce one's rights under the Bankruptcy Code pursuant to 28 U.S.C. §157. Moreover, the "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that the resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. 28 U.S.C. §157(d).

Here, Plaintiff's claims under the FCRA and ICFA arise from conduct that Plaintiff alleges also violate the Bankruptcy Automatic Stay and Discharge Injunction. Plaintiff could reopen his bankruptcy case and bring a civil contempt motion against Chase pursuant to 11 U.S.C. §§105, 362 and 524. However, doing so will be inefficient as the civil contempt motion is

7

directly related to Chase's unlawful collection practices, namely Chase's dunning letter failure to update its credit reporting - which is largely governed by the FCRA. Considering the close nexus between the claims, it would be inefficient to have the Bankruptcy Court hear some matters (civil contempt) and this Court to address the FCRA and ICFA claims when this Court has jurisdiction to adjudicate all claims pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(d). It is also important to note that the Bankruptcy Court does not have jurisdiction to adjudicate Plaintiff's FCRA and ICFA claims as they are not "core matters" as defined by 28 U.S.C. §157(b). Considering this Court has jurisdiction to adjudicate all the claims set forth by Plaintiff, jurisdiction is proper. As such, Plaintiff urges this Court to retain jurisdiction on Plaintiff's discharge violation claim in the interests of judicial economy.

Considering the District Court has jurisdiction to adjudicate all the claims set forth by Plaintiff, not only is jurisdiction proper but also promotes judicial economy. *See e.g. First Bank v. Cullen*, No. 01 C 2080, 2003 WL 22299364, at *1 (N.D. Ill. Oct. 8, 2003) (Granting a motion to withdraw reference, this court stated "[t]he Adversary Proceeding deals with parties, facts, and legal issues that are almost identical to those at issue in the Original Action. The contested issues are the same in both, and there appears to be no reason why these same issues must be considered in two different courts."); *see also Barton v. Ocwen Loan Servicing*, No. 12-162 (MJD/JJG), 2012 WL 4449860, at *9 (D. Minn. Sept. 26, 2012) ("While the Court could refer the action to bankruptcy court, Plaintiff would nonetheless file a motion to withdraw the proceeding from bankruptcy court pursuant to 28 U.S.C. § 157(d)2. Because this action involves claims in addition to the violation of the automatic stay provisions, good cause exists to withdraw the matter from the bankruptcy court.")

### III.    Violation of the ICFA is Properly Pled

This Court has recognized the complementary nature of the ICFA and the Bankruptcy Code, allowing ICFA claims involving collection of a discharged debt similar to the circumstances here. *See Schlotfeldt v. Wells Fargo Home Mortg.*, Inc., No. 15 C 6656, 2016 U.S. Dist. LEXIS 12627, at *16 (N.D. Ill. Feb. 3, 2016) (finding that plaintiffs properly pled an ICFA claim by asserting that defendant's attempts to collect a discharged debt were unfair and deceptive under ICFA), *Robinson v. Green Tree Servicing, LLC*, No. 13 CV 6717, 2015 U.S. Dist. LEXIS 84279, at *12 (N.D. Ill. June 26, 2015) (denying defendant's motion for summary judgment on an ICFA claim based on its unlawful attempts to collect a discharge debt); *Egli v. Bass*, No. 98 C 2001, 1998 U.S. Dist. LEXIS 13506, at *10 (N.D. Ill. Aug. 21, 1998) (denying motion to dismiss); *Tate v. Ocwen Loan Servicing, LLC,* 14 C 5528, (N.D. Ill. 2015) (denying defendant's motion to dismiss ICFA count predicated upon unlawful attempts to collect a discharged debt).[2]

Similarly, this Court recognized an ICFA claim premised on the violation of the Bankruptcy Code's automatic stay, holding that the defendant "was deceptive when it attempted to collect a debt to which it had no legal claim" and that it "intended, through continued letters and phone calls, to induce Plaintiffs' reliance on the deception." *Ananthapadmanabhan v. BSI Fin. Servs.,* No. 15 C 5412, 2015 U.S. Dist. LEXIS 167649, at *15 (N.D. Ill. Dec. 15, 2015) (denying motion to dismiss ICFA claim).

Plaintiff's ICFA count  is well pled and meets the statutory elements of ICFA. To plead a cause of action for violation of ICFA, plaintiff must allege (1) a deceptive act or practice by a defendant; (2) a defendant's intent that the plaintiff rely on the deception; and (3) the occurrence

---

[2] *Tate v. Ocwen Loan Servicing LLC* is an unpublished opinion. Attached hereto as Exhibit B is a true and correct copy of Judge Bucklo's order in *Tate.*

of the deception was during a conduct involving trade and commerce. *Robinson v. Toyota Motor Credit Corp.,* 201 Ill.2d. 403, 418 (Ill. 2002). Here, Plaintiff's complaint pleads the required elements. Specifically, Plaintiff alleges that Defendant's conduct in attempting to collect a debt that is not owed is deceptive, that the attempt to collect a debt is part of conduct of any trade or commerce, and that Defendant intended that Plaintiff rely on its misrepresentations. (Am. Cmplt. ¶¶236-39.) In ruling on a motion to dismiss, all well-pleaded facts are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor." *Hale v.* Chu¸614 F.3d 741, 744 (7th Cir. 2010). Given that Plaintiff has pled facts to meet the elements to support an ICFA claim, all of his well-plead facts are accepted. Consequently, Plaintiff's ICFA claim must survive as a matter of law.

CONCLUSION

Chase blatantly ignores the face of Plaintiff's complaint. Plaintiff adequately pleads a claim under the FCRA, the Bankruptcy Discharge Injunction, the Bankruptcy Automatic Stay, and the ICFA. As a result, Chase's Motion must be denied in its entirety.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant's Rule 12(b)(6) Motion to Dismiss in its entirety.

Respectfully submitted,

/s/ Daniel J. McGarry
Daniel J. McGarry, Esq. #6309647
Attorney for Plaintiff
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
(630) 575 – 8181

10

## **CERTIFICATE OF SERVICE**

I, Daniel J. McGarry, an attorney, certify that on June 15, 2016, I caused the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

s/ Daniel J. McGarry
Daniel J. McGarry, Esq. #6309647
Attorney for Plaintiff
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
(630) 575 – 8181

11