UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES GAGNON<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., SETERUS, INC., PIERCE & ASSOCIATES, P.C., EQUIFAX INFORMATION SERVICES, LLC. and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendants. | Case No. 1:15-cv-09526<br><br>Honorable Robert M. Dow, Jr. |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

NOW COMES the Plaintiff, CHARLES GAGNON ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., and in response to Defendant EXPERIAN INFORMATION SOLUTIONS, INC.'s ("Defendant" or "Experian") Motion to Dismiss Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), stating as follows:

### INTRODUCTION

Experian repeatedly insists that it has reported Plaintiff's account accurately while completely ignoring the inaccurate and misleading information appearing in Plaintiff's credit report. Partial accurate reporting does not give Experian license to report misleading information alongside it. Nor can Experian reasonably argue that it is allowed to report a balance on a mortgage debt that was discharged in bankruptcy because Chase still retained an *in rem* right of action to foreclose on the subject property. This argument fails to account for Plaintiff's surrender of his property in the Chapter 13 Plan - facts that remove any residual liability Plaintiff

1

may have on the property. Accordingly, Experian has no basis for reporting post-discharge account balances on Plaintiff's account, and Plaintiff has pled a clear violation of the Fair Credit Reporting Act ("FCRA").

### FACTUAL BACKGROUND

Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois on July 31, 2013. Am. Cmplt. ¶ 18. Under his Chapter 13 Plan, Plaintiff surrendered property securing a debt owed to JPMorgan Chase Bank, N.A. ("Chase"), "in full satisfaction" of the debt. *Id.* at ¶ 22. Plaintiff's Chapter 13 plan was confirmed on October 11, 2013 *Id.* at ¶ 24. In addition to receiving all bankruptcy notices sent by the BNC by virtue of being listed as a creditor, Chase actively participated in Plaintiff's bankruptcy case. *Id.* at ¶ 25. Plaintiff obtained an Order of Discharge on August 4, 2014. *Id.* at ¶ 24. Among the debts discharged was the debt owed to Chase. *Id.* at ¶ 30. Plaintiff's bankruptcy case closed on September 17, 2014. *Id.* at ¶ 36. Defendant Seterus, Inc. began servicing the Chase mortgage on September 1, 2014. (Id. ¶ 34.) After his bankruptcy discharge, Plaintiff discovered the subject debt was reporting inaccurately with the major credit reporting agencies. Plaintiff disputed the information by written letters to the credit reporting agencies dated August 4, 2015. (Id. ¶¶ 46, 56.) Plaintiff received Experian's reinvestigation report, dated August 17, 2015, which continued to list the inaccurate account history for the subject debt. (Id. ¶¶ 60 - 65.)

### STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In ruling on a pending motion to dismiss, the court must construe the

allegations in the complaint in a light most favorable to the plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the non-moving party. *Fednav Int'l Ltd. v. Continental Ins. Co.,* 624 F.3d 834, 837 (7th Cir. 2010). In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997).

ARGUMENT

**I.     The Chase Account Information is Inaccurate as a Matter of Law**

Experian tries to obfuscate its inaccurate reporting by focusing only on the accurate elements of the reinvestigation report, proclaiming the reinvestigation report "accurate of a mater of law." Experian Mem. at 6. Reporting some true information, however, does not make the false information on the report any less false, nor does it render the report "accurate." Plaintiff specifically requested that Experian update his "credit file(s) to reflect the discharged status of the debts," explaining in his dispute that "these accounts were discharged in Chapter 13 bankruptcy plan that allowed me to surrender the property with full satisfaction of the debt … all payments made according to plan - no further obligation." Plaintiff attached all relevant bankruptcy documents to the dispute, including the Order of Discharge, dated August 4, 2014. *See* Am. Cmplt. Exh. R. Experian's "Account History", however, continues to show post-discharge balances and scheduled payment amounts for April through June 2015. *See* Am. Cmplt. Exh. S.

Experian argues that by updating its information to reflect that the debt was discharged in bankruptcy and the account balance is zero, it has acted in accordance with the FTC's guidance and thus cannot be held liable for failing to delete the account history and payment history from Plaintiff's credit file. However, Experian cannot escape liability for this inaccurate information

3

by pointing to the existence of some other item of accurate information in the same report. *Cooper v. Verifications, Inc.*, No. 1:04-CV-385-TS, 2008 U.S. Dist. LEXIS 8908, at *34 (N.D. Ind. Feb. 4, 2008) (finding that inconsistent information in a credit report can form the basis for an FCRA claim and collecting cases). The statement that the "debt was included in Chapter 13," combined with 2015 account balances, create a picture of Plaintiff's credit history that is both inconsistent and incomplete given his surrender of the property.

First and foremost, the Court must accept Plaintiff's allegations, and not Experian's characterizations, as true. *See Souvigny v. Equifax Info. Solutions, LLC et al,* 15 C 07465, at *16 (N.D. Ill. April 15, 2016) (court must accept allegations at the pleading stage as true; not a defendant's characterizations of the same) (attached hereto as Exh. A) Notwithstanding Experian's improper argument at the pleading stage, the Seterus account was reporting inaccurately as a matter of law. A bankruptcy discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. §524(a)(2). "The discharge order releases a debtor from personal liability with respect to any discharged debt by voiding any past or future judgment on the debt and by operating as an injunction to prohibit creditors from attempting to collect or to recover the debt." *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 447, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004).

Here, Plaintiff received a discharge, effectively discharging the Seterus debt. Accordingly, Plaintiff did not owe a balance and did not have a scheduled monthly payment due after he obtained his discharge. As a result, the Seterus account should have been reporting with a $0 balance as of the date of his bankruptcy discharge. To follow Experian's logic that it may continue to report balances as they *used to be*, even after discharge, would undermine the

purpose of bankruptcy in offering debtors a fresh start. *See In re Torres,* 367 B.R. 478, 486 (Bankr. S.D.N.Y 2007) (citing *In re Norman,* 2006 Bankr. LEXIS 2576, at *4 (Bankr. M.D. Ala. 2006) (inaccurate reporting "diminish[es] the value of a discharge in bankruptcy").

More importantly, Experian's dubious "historical data" argument is in direct conflict with the purposes of the FCRA. Specifically, "Congress passed the [FCRA] so that individuals could have their creditworthiness fairly and accurately assessed, and just as importantly, so that third-parties, such as potential creditors or employers, would be able to fully assess a consumer's credit worthiness." *Sutherland v. Urban P'ship Bank,* 2012 U.S. Dist. LEXIS 21201, at *12 (N.D. Ill. 2012) citing 15 U.S.C. §1681. Experian's argument flies in the face of the purpose of the FCRA of facilitating a fair and accurate assessment of an individuals' creditworthiness at the time the report is furnished. Experian's reporting of "historical" information is incorrect and misleading as it misrepresents that Plaintiff is still liable on the Seterus account, nearly an entire year after Plaintiff's bankruptcy discharge. Such a material misrepresentation would adversely affect credit decisions. *See Montgomery v. Wells Fargo Bank*, NA, 2012 U.S. Dist. LEXIS 162912, *9-10 (N.D. Cal. Nov. 13, 2012) (finding post-filing charge-off notation misleading because it suggested debt remained collectable); *see also Grantham v. Bank of America, N.A.*, 2012 WL 5094729 at *3 (N.D. Cal. Nov. 26, 2012) (finding that overdue payments reported after a bankruptcy filing may be inaccurate and adverse even if the Defendant-furnisher reported a $0 balance due).

This Court recently denied a similar motion to dismiss based nearly identical credit reporting by Experian. *See Jackson v. Experian Info. Solutions, Inc*., 2016 U.S. Dist. LEXIS 65846 (N.D. Ill. May 19, 2016). (Attached hereto as Exh. B) The Court in Jackson reasoned that the plaintiff had "addressed the fact that the revised RCS credit line shows a zero balance amount

and amount past due: he argues that "[t]he statement of a 2013 discharge, combined with 2015 account balances, create[s] a picture of Plaintiff's credit history that is both inconsistent and incomplete given his surrender of the property." Plaintiff makes the same allegation in this case. (Am. Cmplt. ¶¶ 63-4.) As a result, Experian cannot plausibly argue that its reporting of the Seterus account was accurate, and at the very minimum, whether the report was accurate would be a factual determination that is not appropriate at the pleading stage. *Starkey v. Experian Info. Solutions, Inc.,* 32 F.Supp. 3d 1105, 1110 (C.D. Cal. 2014) (finding that the accuracy of a credit report is a question of fact).

Experian next attempts to justify its inaccurate reporting of the Seterus account on the existence of a mortgage on the property. Experian's assertion that it was entitled to report an *in rem* delinquency must fail. Even assuming Plaintiff was delinquent on his *in rem* liability, *in rem* debt should not be included on the borrower's credit report . . .because a person's credit report by definition provides information about the debts owed *by that person*." *Horsch v. Wells Fargo Home Mortg.*, 94 F. Supp. 3d 665, 675 (E.D. Pa. 2015) (finding that a creditor must report $0 balance after discharge notwithstanding *in rem* claim) (emphasis supplied); *Groff v. Wells Fargo Home Mortg., Inc.*, 108 F.Supp. 3d 537, 541 (E.D. Mich. 215) (holding that discharged debt must be reported as $0 notwithstanding an *in rem* claim). Here, Plaintiff's bankruptcy discharge absolved him of any personal liability with respect to the Seterus account. As such, Experian cannot report a debt owed on the property on Plaintiff's consumer report as the debt is not owed by the Plaintiff himself. Accordingly, Experian's reporting of the status of an *in rem* lien that Seterus may have against the property on Plaintiff's consumer report renders Plaintiff's consumer report inaccurate. As a result, Plaintiff sufficiently alleges that the Seterus account was reporting inaccurately and as such, sufficiently pleads a violation of the FCRA.

## II.     Plaintiff has Adequately Plead Damages

Experian argues that Plaintiff's negligence-based claims must fail because Plaintiff did not suffer any damages as a result of Experian's failure to accurately update his credit file after his bankruptcy discharge and credit dispute.[1] As a preliminary matter, Plaintiff's damages turns to a factual argument that is inappropriate for a Rule 12(b)(6) motion to dismiss. The Plaintiff has pled damages and the court must construe the allegation of damages in light most favorable to the Plaintiff, accept as true all well-pleaded factual allegations set forth therein, and draw all reasonable inferences in favor of the Plaintiff. *See Fednav Int'l Ltd.,* 624 F.3d at 837 (7th Cir. 2010).

Nonetheless, Experian cites to *Novak v. Experian Info. Sols., Inc*., 782 F. Supp. 2d 617 (N.D. Ill. 2011) for the proposition that a plaintiff must allege actual damages. However, *Novak* explained that the FCRA allows for actual or statutory damages, punitive damages, costs, and attorney's fees in the case of a willful violation. *Id*. at 625. The Plaintiff in *Novak* alleged a negligent violation that required actual damages under § 1681o(a), but not a willful violation under § 1681n. A consumer need not suffer actual damages as a result of an impermissible credit pull. *See* 15 U.S.C. §1681n. Specifically, §1681n states in pertinent part, "in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, [consumer may recover] actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater." *Id*. As a result, Plaintiff need not suffer any actual damages to state a claim under §1681.

---

[1] Experian contends that the lack of "hard inquiries" to access Plaintiff's consumer credit information precludes Plaintiff from plausibly alleging any actual damages. In addition to credit denial and loss of credit, Plaintiff has alleged other forms of actual damages such as incurring costs to prepare and send his credit dispute. The Court must accept Plaintiff's allegations, and not Experian's characterizations, as true. *See Souvigny v. Equifax Info. Solutions, LLC et al,* 15 C 07465, at *16 (N.D. Ill. April 15, 2016)

**CONCLUSION**

Experian's Motion ignores the face of its own report and the obvious nature of Plaintiff's grievance. More importantly, Experian's Motion improperly seeks factual determinations at the pleading stage. Such determinations are inappropriate at this stage of litigation as well-pleaded facts must be accepted as true. Accordingly, Plaintiff respectfully requests that Experian's Motion be denied in its entirety.

WHEREFORE, Plaintiff, Charles Gagnon, respectfully requests this Honorable Court deny Pierce's Motion to Dismiss in its entirety and for any other relief this Honorable Court deems just and appropriate.

Respectfully submitted,

/s/ Daniel J. McGarry
Daniel J. McGarry, Esq. #6309647
Attorney for Plaintiff
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
(630) 575 – 8181

## CERTIFICATE OF SERVICE

      I, Daniel J. McGarry, an attorney, certify that on June 15, 2016, I caused the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

                                            s/ Daniel J. McGarry
                                            Daniel J. McGarry, Esq. #6309647
                                            Attorney for Plaintiff
                                            Sulaiman Law Group, Ltd.
                                            900 Jorie Blvd, Ste 150
                                            Oak Brook, IL 60523
                                            (630) 575 – 8181